IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA


vs.                                    Case Nos.: 3:03cr32/LAC
                                                  3:11cv619/LAC/CJK


JAMES RUSSELL GREENAWALT

_____

REPORT AND RECOMMENDATION

    This matter is before the court upon Defendant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, (doc. 94). In response, the government submitted a motion to dismiss defendant's 2255 petition, (doc. 98), and the defendant replied, (doc. 103). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.

BACKGROUND AND ANALYSIS

    Defendant pled guilty to two counts of possession with intent to distribute a mixture and substance containing cocaine base and one count conspiracy to distribute

a controlled substance involving a mixture and substance containing cocaine base. (Doc. 46). On June 24, 2003, he was sentenced to a term of 192 months imprisonment. (Doc. 43). He did not file any appeals related to this case. Defendant filed nothing further until December 27, 2011, when he filed his motion to vacate under 28 U.S.C. 2255. (Doc. 89).

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). At first glance, defendant's 2255 petition was filed nearly eight years after the final adjudication of his case and would be barred by the statute of limitations. Recognizing this barrier, defendant first claims that a recent United States Supreme Court decision, *Johnson v. United States*, 130 S. Ct. 1265, 176 L. Ed.2d 1 (2010)[1], introduces a newly recognized right that would allow him to file his

---

[1] The defendant noted only the name of the case, *Johnson v. United States*, and not any citation information. The case cited above matches the description and holding of the case defendant

2255 petition under section 2255(f)(3). (Doc. 103, p. 2). Before this court addresses whether *Johnson* presents a newly recognized right, the court must first examine whether defendant filed his 2255 petition within the one-year statute of limitations period that began to run when *Johnson* was decided. § 2255(f). *Johnson* was decided on March 2, 2010. 130 S. Ct. at 1265. The defendant filed his original 2255 petition on December 27, 2011. (Doc. 89). Whether *Johnson* presents a newly recognized right is moot in this instance; the defendant filed his 2255 petition outside of the one-year limitations period afforded by the statute. Further, defendant does not claim relief of an impediment created by governmental action or the discovery of new evidence, either of which could potentially subvert the statute of limitations under section 2255(f). Accordingly, defendant's 2255 petition is still barred by the statute of limitations.

Defendant next contends that the actual innocence doctrine applies in this instance and acts to overcome the one-year statutory bar under section 2255. (Doc. 103, p. 6). Defendant claims that *Johnson* would show that it is more likely than not that a reasonable juror would find the petitioner not guilty. (Doc. 103, pp. 5-6). This argument requires examination of the underlying conviction. *See United States v. Montano*, 398 F.3d 1276, 1280 (11th Cir. 2005) ("[Plaintiff] contends that he is actually innocent of the § 924(c) conviction and contends this actual innocence provides an exception to the one-year filing requirement under § 2255. In order to determine whether [plaintiff] can surmount the procedural bar to the filing of his § 2255 petition, then, we must first examine the merits of Montano's underlying claim

---

describes in his response. (Doc. 103, p.2).

to determine if he is actually innocent of the crime to which he pled guilty . . . .")
(citations omitted).

At the outset, the defendant's faith in *Johnson* appears misplaced. *Johnson* addressed whether a defendant's prior battery conviction under Florida law was a "violent felony" under the Armed Career Criminal Act ("ACCA"). 130 S. Ct. At 1265. Here, defendant's conviction involved the possession with intent to distribute of a cocaine based substance or mixture, as well as the related conspiracy to accomplish that task. (Doc. 46). The undersigned believes that the defendant's actual contention is that *Johnson* alters a prior conviction the defendant had for battery, and that this battery conviction was used to enhance his sentence in the instant case. (Doc. 94, p. 6). Altering this underlying battery conviction would therefore reduce the length of the sentence defendant received for the instant conviction.

Relief will still not be forthcoming. The Eleventh Circuit has declined to extend the actual-innocence exception beyond capital cases. *See Rivers v. United States*, 476 F. App'x 848, 849-50 (11th Cir. 2012). Moreover, "[a]ssuming the actual-innocence exception can apply to noncapital sentences, a movant must show that he is factually innocent of one of the prior convictions." *Rivers*, 476 F. App'x at 849-50. *Rivers* is dispositive in this matter. In *Rivers*, the movant alleged he was legally innocent of his sentence enhancement because the battery he committed on a law enforcement officer was no longer a "crime of violence." 476 F. App'x at 850. The Eleventh Circuit, however, found that the movant claimed only that he was legally innocent of the enhancement and not factually innocent. *See Id.* The actual-innocence exception, therefore, did not apply. *Id.* Here, the defendant is making an identical claim by arguing the past battery conviction may no longer be classified as

a "crime of violence." (Doc. 103, p. 2). Defendant is not disputing the conviction (or indeed his guilt of the charge) itself, only the legal effect the conviction might have on his sentence enhancement in light of *Johnson*. Accordingly, the actual-innocence exception does not apply in this instance and the defendant's claim is, therefore, time-barred. *See Rivers*, 476 F. App'x at 850.

## Certificate of Appealability

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

The amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 94) be summarily **DISMISSED** as untimely.

At Pensacola, Florida, this 13th day of November, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).